Aaron S. Halpern, Esq. (AH6100)
**The Jacob D. Fuchsberg Law Firm, LLP**
3 Park Avenue, 37th Floor
New York, NY 10016
(212) 869-3500
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ALAN LABINER a/k/a ALAN DAVID LABINER, | |
| Plaintiff, | **COMPLAINT AND DEMAND FOR TRIAL BY JURY** |
| -against- | |
| UNITED STATES OF AMERICA, | Civil Action No.: 19-cv-3159 |
| Defendant. | |
| | ECF Case |

Plaintiff Alan Labiner a/k/a Alan David Labiner (sometimes referred to as "Plaintiff" or "Plaintiff Alan Labiner" or "Mr. Labiner"), by and through his undersigned counsel, respectfully alleges and tenders the following as his Complaint against UNITED STATES OF AMERICA:

### PRELIMINARY STATEMENT

1.      This is an action against the defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for negligence and professional malpractice in connection with the medical and nursing care and treatment, and withholding of proper medical and nursing care and treatment to Plaintiff Alan Labiner while he remained a prisoner and in the custody of the United States Bureau of Prisons.  As a direct result of the defendant's conduct, Alan Labiner suffered permanent and catastrophic injuries including paraplegia for which he now seeks relief.

2.      The claims herein are brought against the defendant pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as

compensation for personal injuries caused by the defendants' negligence and professional malpractice.

3.      Plaintiff Alan Labiner has fully complied with the provision of 28 U.S.C. § 2675 of the Federal Tort Claims Act ("FTCA").

4.      Plaintiff Alan Labiner is now timely filing this Complaint pursuant to 28 U.S.C. § 2675(d)(5) and 28 U.S.C. § 2401(b) within 6 months of receiving the U.S. Department of Justice's March 18, 2019 notice of final denial of administrative claim.

## CONDITIONS PRECEDENT TO THIS LAWSUIT

5.      In accordance with the FTCA, on or about August 21, 2018, Plaintiff Alan Labiner by and through the undersigned counsel timely filed and served an Standard Form 95 which included exhibits as well as an expert medical report setting forth Administrative Tort Claim TRT-NER 2018-06882 (the "Administrative Claim"), thereby providing the United States of America, and in particular its agency the United States Department of Justice Federal Bureau of Prisons, with the necessary information to investigate Plaintiff's claims and damages.

6.      In a letter dated March 18, 2019, the United States Department of Justice ("US DOJ") Federal Bureau of Prisons ("BOP") denied Plaintiff's claims in their entirety.

7.      This action is timely pursuant to 28 U.S.C. § 2401(b) in that it is begun within six months of the federal agency's letter denying the Administrative Claim.

8.      Plaintiff Alan Labiner therefore exhausted administrative remedies with respect to his claims, and met all conditions precedent to this lawsuit.

## PARTIES, JURISDICTION AND VENUE

9.      Plaintiff Alan Labiner is and was at all times relevant a citizen of the State of New York, County of Kings.

- 2 -

10.     Defendant United States of America through its agencies US DOJ and BOP at all times relevant owned, operated, controlled, staffed, directed, managed, oversaw, supervised and was and remains responsible for several federal prisons including LSCI Allenwood Correctional Facility a/k/a Federal Correctional Institution Allenwood, located at 2 US-15, Allenwood, PA 17810 ("Allenwood Correctional")  and the US Penitentiary Lewisburg, located at 2400 Robert F. Miller Drive, Lewisburg, PA 17837 ("Lewisburg Penitentiary").

11.     Defendant United States of America through its agencies US DOJ and BOP at all times relevant employed, supervised, staffed, controlled, hired, managed, directed, oversaw and was and remains responsible for personnel at its federal prisons including Allenwood Correctional and Lewisburg Penitentiary facilities, including physicians, physician assistants, nurses, attendants, correctional officers, wardens, superintendents, and others for the medical care, treatment, diagnosis and custody of incarcerated prisoners and patients, including Plaintiff Alan Labiner.

12.     At all pertinent times, the directors, officers, operators, administrators, health care providers, employees, agents, correctional officers, wardens, superintendents, and staff including Allenwood Correctional and Lewisburg Penitentiary facilities were employed by and/or acting on behalf of defendant United States of America.  Furthermore, the defendant United States of America is responsible for the negligent acts of their employees and agents under respondeat superior including the negligent acts of Allenwood Correctional and Lewisburg Penitentiary facilities, Jay Miller, M.D., L. Potter EMT-P, Andrew Edinger, M.D./C.D., and Rachel Taylor.

13.     Pursuant to 28 U.S.C. § 1346 *et seq.*, defendant Unites States of America is the appropriate defendant for Plaintiff Alan Labiner's claims under the Federal Tort Claims Act.

14.     This Court has jurisdiction, both subject matter jurisdiction and personal jurisdiction, under the United States Constitution and 28 U.S.C. §§ 1331 and 1346 (b).

15.     Venue is proper in this District under 28 U.S.C. §§ 1391, 1402 (b) and 32 CFR§750.32(a) in that Plaintiff Alan Labiner resides in this District.

16.     From in or around April 20, 2012, and continuing to the present time, Plaintiff Alan Labiner was incarcerated and in the custody of the United States BOP at several federal prisons including Allenwood Correctional and Lewisburg Penitentiary.

17.     At all times relevant, L. Potter EMT-P ("Potter"), Andrew Edinger, M.D./C.D. ("Edinger"), and other healthcare providers at Lewisburg Penitentiary whose identities and addresses are currently not known were medical personnel employed by defendant the United States of America and/or the BOP and/or Lewisburg Penitentiary, and were responsible for the medical care, evaluation, testing, diagnosis, treatment and general health of incarcerated prisoners at Lewisburg Penitentiary, including Plaintiff Alan Labiner.

18.     At all times relevant, Potter was or represented himself to be an emergency medical technician in the State of Pennsylvania, and an employee of the defendant United States of America and/or the BOP and/or Lewisburg Penitentiary. Potter treated incarcerated prisoners at Lewisburg Penitentiary, including the Plaintiff Alan Labiner.

19.     At all times relevant, Edinger was or represented himself to be a physician duly licensed or authorized to practice medicine in the State of Pennsylvania, and an employee of the United States of America and/or BOP and/or Lewisburg Penitentiary. Edinger treated incarcerated prisoners at Lewisburg Penitentiary, including the Plaintiff Alan Labiner.

20.     At all times relevant, Jay Miller, M.D. ("Miller"), Rachal Taylor, R.N. ("Taylor"), and other healthcare providers at Allenwood Correctional whose identities and addresses are

- 4 -

currently not known were medical personnel employed by the defendant United States of America and/or BOP and/or Allenwood Correctional, and were responsible for the medical care, evaluation, testing, diagnosis, treatment and general health of incarcerated prisoners at Allenwood Correctional, including Plaintiff Alan Labiner.

21.     At all times relevant, defendant Miller was or represented himself to be a physician duly licensed or authorized to practice medicine in the State of Pennsylvania, and an employee of the United States of American and/or BOP and/or Allenwood Correctional. Edinger treated incarcerated prisoners at Allenwood Correctional, including the Plaintiff Alan Labiner.

22.     At all times relevant, Taylor was or represented herself to be a nurse in the State of Pennsylvania, and an employee of the United States of American and/or BOP and/or Allenwood Correctional. Taylor treated incarcerated prisoners at Allenwood Correctional, including the Plaintiff Alan Labiner.

## STATEMENT OF FACTS

23.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "22" of this Complaint with the same force and effect as though fully set forth herein.

24.     From on or around April 20, 2012 through and continuing to the present date, Plaintiff Alan Labiner was and remains incarcerated and in the custody of the BOP at several different prison facilities of defendant United States of America in connection with a criminal proceeding and conviction encaptioned United States of America v. Alan Labiner, Docket No. 09-CR-807-01, United States District Court, Eastern District of New York.

25.     Prior to Alan Labiner's incarceration at the BOP and more specifically at all times prior to the incidents, conduct, negligence and professional negligence of November 2016

complained of herein, Plaintiff Alan Labiner had full use and range of musculoskeletal motion including full use and range of motion of his upper and lower extremities with no deformities, musculoskeletal, spinal or neurological conditions.

26.     On or about November 8, 2016, Mr. Labiner, then 56 years of age and a prisoner at Lewisburg Penitentiary, was noted to be anemic. He was transferred from Lewisburg Penitentiary to and was admitted for three days at Evangelical Community Hospital in Lewisburg, PA for medical complaints that included anemia, light-headedness, respiratory problems and vomiting of blood. He was admitted emergently to the intensive care unit, and was diagnosed as having an acute upper GI bleed and symptomatic anemia. During the admission, Mr. Labiner required transfusion of "4 units of blood, various intravenous medications, and an endoscopy with biopsy, which revealed ulcers in his stomach for which he was treated medically."

27.     Evangelical Community Hospital discharged Mr. Labiner on November 11, 2016 back to the BOP and specifically to Lewisburg Penitentiary, with a written instruction to follow up with his "primary care provider Dr. Edinger or attending provider within 1-3 days as per protocol."   The written discharge instructions were forwarded to Lewisburg Penitentiary and maintained in their possession when Mr. Labiner was transferred back into the custody of the BOP and Lewisburg Penitentiary.

28.     Upon his transfer back to and arrival at Lewisburg Penitentiary, Mr. Labiner was put under custody and care of health care professionals, physicians, physician assistants, nurses, emergency medical technicians, healthcare providers, correctional officers and other employees at that facility, including Potter and Edinger (sometimes collectively the "Lewisburg Penitentiary Providers").

29.     While at Lewisburg Penitentiary, Mr. Labiner requested and pleaded for evaluation and treatment of his medical condition on multiple occasions, including follow-up evaluation and treatment relating to the prior hospitalization and for discomfort related to his IV site including redness and warmth to the touch, but was denied such evaluation, testing and treatment notwithstanding the medical indication and necessity for same, the discharge instructions provided by Evangelical Community Hospital and Lewisburg Penitentiary's own guidelines, regulations, rules and protocols as well as its own plan and disposition for Mr. Labiner.  Significantly, Mr. Labiner was never examined, treated or ever seen by a physician at Lewisburg Penitentiary after being discharged from the hospital.

30.     On or around November 13, 2016, at 10:30pm, Lewisburg Penitentiary personnel including Potter were called to Mr. Labiner's cell block by his Range Officer, and found him lying on the floor and requesting to be taken back to the infirmary.  Potter documented in his "Clinical Encounter" note that Mr. Labiner was specifically "concerned about his IV site at the left AC [accessory cephalic vein]" and that "[t]he site has some mild redness and is warm to the touch." That Clinical Encounter note was co-signed by Edginer.  Mr. Labiner was not sent to the infirmary, nor was he provided medical evaluation or treatment at that time which was urgently needed.

31.     In fact, Mr. Labiner was never seen or examined by a physician at the BOP from the time of his discharge from Evangelical Community Hospital on November 11, 2016 until his transfer to Allenwood Correctional on November 14, 2016.

32.     Mr. Labiner's signs, symptoms, complaints, including the medical examination, complaints about IV site, and other signs and symptoms documented BOP records were consistent with an infection which required immediate and urgent medical attention, evaluation and treatment but which the BOP, and in particular the Lewisburg Penitentiary Providers, refused to provide him

with, which resulted in and/or contributed to the failure to timely diagnose and appropriately treat his infection thereby allowing it to worsen into a severe and life-threatening spinal cord infection.

33.     Notwithstanding the foregoing, the Lewisburg Penitentiary Providers failed and refused to provide Mr. Labiner with the necessary and indicated care and treatment, and failed to timely perform necessary and indicated examinations, and diagnostic and laboratory tests to properly evaluate and diagnose his medical condition, which required immediate evaluation and treatment.

34.     At around 12:46pm on November 14, 2016, Mr. Labiner was transferred to Allenwood Correctional from Lewisburg Penitentiary, where he remained a prisoner until he was transferred to Federal Medical Center Devens, located at 42 Patton Rd, Devens, MA 01434, on or around February 28, 2017.

35.     Upon his transfer to and arrival at Allenwood Correctional on or about November 14, 2016, Mr. Labiner was under the custody and care of health care professionals, physicians, physician assistants, nurses, emergency medical technicians, healthcare providers, correctional officers and other employees at that facility, including Miller and Taylor (sometimes collectively the "Allenwood Correctional Providers").

36.     While under the Allenwood Correctional Providers' custody and care, Mr. Labiner requested and pleaded for treatment for his worsening pain in his legs, lower back, chest, and left arm, but was denied such evaluation, testing and treatment.

37.     From the time Mr. Labiner was transferred to Allenwood Correctional, the Allenwood Correctional Providers were aware and had knowledge of Mr. Labiner's medical history and his medical history and condition while he was an inmate of the BOP and at Lewisburg Penitentiary, including his signs, symptoms and complaints regarding the IV site in his left arm,

and the Allenwood Correctional Providers had access to the full BOP and Lewisburg Penitentiary incarceration and medical charts of Mr. Labiner.

38.    Notwithstanding Mr. Labiner's medical history, symptoms and complaints when he was transferred to Allenwood Correctional, the Allenwood Correctional Providers never properly examined or evaluated Mr. Labiner, including appropriate and indicated evaluation of the IV site of his left arm which required treatment.

39.    Significantly, while the Allenwood Correctional Providers documented when Mr. Labiner arrived at Allenwood Correctional that "[h]is medical problems are evaluated and his med[icine]s are reviewed and renewed," that he was discharged from the hospital in the past week and that he was "short of breath with any exertion," no evaluation of Mr. Labiner's IV site or his left arm was evaluated notwithstanding his repeated complaints regarding same.

40.    Allenwood Correctional Providers, including Miller, saw Mr. Labiner on November 15, 2016, and documented his complaint that "[t]he left arm hurts." Mr. Labiner was "again instructed to do warm compresses." There is no documentation of any examination of the arm or the IV site performed. Moreover, the instruction provided to Mr. Labiner was also improper and violative of applicable medical standards of care with regard to the evaluation and treatment of his symptoms and complaints.

41.    In particular, Mr. Labiner's medical examination and BOP records up to November 15, 2016 was consistent with and required consideration of a serious infection and which required immediate medical attention and treatment but which the Allenwood Correctional Providers refused and failed to provide him with. In fact, over the next week he did not receive any further testing or treatment other than the advice to apply warm compresses, and his IV site was never

properly assessed, nor was he transferred to an appropriate medical facility for evaluation and treatment.

42.     On November 19, 2016, Taylor was called to see Mr. Labiner at his cell because of chest pain and shortness of breath. By this time, Mr. Labiner was complaining of "pain in chest at the left axillary line," and "lower back pain that sends sharp burning pains down bilateral legs." He "kept bringing up his lower back pain and leg pain," but was "advised he was prescribed Tylenol and should be taking that as prescribed for this pain." No examination of the IV site was performed, the plan of care, which was agreed to by the "On call PA and MD," was to follow up at Sick Call as needed and to return if condition worsens. This "Encounter Note" was co-signed by Miller on November 21, 2016, at 6:53am.

43.     On November 20, 2016 at around 8:55am, Mr. Labiner was seen again by Taylor because "he took a small piece of plastic and cut himself numerous times on left wrist near thumb." Mr. Labiner stated that "he is in so much pain that he wants to end it so he cut himself." The IV site was still not examined, and Mr. Labiner was placed on suicide watch. While on suicide watch on November 20, 2016, Mr. Labiner informed the staff that he had taken a whole bottle of Tylenol, which was 90 pills of the 325mg dose, in five days since it was prescribed on November 15, 2016.

44.     Significantly, Mr. Labiner's condition was deteriorating rapidly and his pain was unbearable notwithstanding the pain medications that the Lewisburg Penitentiary Providers and Allenwood Correctional Providers provided and/or administered to him.

45.     Within seven days after discharge from Evangelical Community Hospital, he was complaining of debilitating pain that compelled him to take an entire bottle of Tylenol in five days.

46.     Mr. Labiner's medical examination and records established and was consistent with a diagnosis that he was suffering a severe spinal infection and spinal disease that required

immediate medical attention and treatment but which the BOP, and in particular the Lewisburg Penitentiary Providers and the Allenwood Correctional Providers, refused and failed to provide him with, which resulted in his spinal infection worsening and the permanent and life-changing spinal injuries he suffers from.

47.     The Defendant United States of America, including the Lewisburg Penitentiary Providers and Allenwood Correctional Providers, failed and refused to provide Mr. Labiner with the care and treatment he needed and pled for.  Moreover, defendant failed to timely perform necessary and indicated diagnostic and laboratory tests including blood tests that include CBC, ESR and CRP, blood cultures, as well as X-Ray, CT-Scan and MRI, which tests would have helped diagnose his serious medical condition, which required immediate evaluation and treatment.

48.     On November 20, 2016 at around 12:54pm, Mr. Labiner was transported via EMS to the emergency room of Williamsport Regional Medical Center, located at 700 High Street, Williamsport, PA 17701 ("Williamsport"). Notably, the referral was made by the Allenwood Correctional Providers not for Mr. Labiner's severe symptoms and complaints that were consistent with severe spinal infection, but rather "to check Tylenol level and liver enzymes" for suspected overdose.

49.     Upon arrival at Williamsport on November 20, 2016, Mr. Labiner's acetaminophen (Tylenol) level was found to be unremarkable, so he did not require intervention related to overdose. However, he complained of "difficulty walking [due to] severe low back and hip pain that radiated down his legs," as well as his IV site being "red and painful." his blood cell count was elevated at over 29,000 with a "palpable thrombosed vein" at the prior IV site. An MRI revealed septic arthritis of the spine with "severe central canal narrowing," "intramuscular abscess

within the right dorsal paraspinal musculature," and infection of the left shoulder. Blood cultures revealed infection with Staph Aureus.

50.     Mr. Labiner received antibiotic treatment and by that time needed and had to undergo invasive and complicated surgeries for spinal epidural abscesses and "intractable cauda equina syndrome" on November 22, 2016, and again on December 3, 2016, including decompressive laminectomy (total L1-L5 and partial T12, S1), and evacuation of multiple epidural abscesses T12-S1 and right L4 paraspinal intramuscular abscess.

51.     By the time he presented to Williamsport on November 20, 2016, Mr. Labiner had been making recurrent complaints about debilitating and worsening pain. In addition, those who personally examined Mr. Labiner knew or should have known about the "palpable thrombosed vein" at the prior IV site, especially given Mr. Labiner's repeated complaints about the IV site.

52.     As a result of the failure of defendant, including the BOP, the Lewisburg Penitentiary Providers and the Allenwood Correctional Providers, to properly evaluate, diagnose and treat his infection thereby allowing his infection to go untreated for days, Mr. Labiner developed severe spinal infection that caused his to suffer a severe and permanent debilitating injury, including paraplegia and permanent spinal cord injuries.

53.     Thus, notwithstanding the extensive surgeries he had to undergo, Mr. Labiner suffers from debilitating injuries, which condition is permanent. Per the BOP records, Mr. Labiner is confined to his bed or wheelchair for more than 50% of his waking hours, can only walk short distances with a walker, and has no control over his bowel or bladder, requiring a catheter or diapers. The catastrophic injuries he suffers from are permanent, and were caused as direct result of defendant and its aforesaid employees' ignoring his medical condition and complaints, and their failure to provide timely and appropriate medical diagnosis, care and treatment.

54.     After the surgeries, Mr. Labiner was transferred to Muncy Valley Hospital for wound care and rehabilitation, and then to Federal Medical Center Devens, also a federal prison, on February 28, 2017, for ongoing treatment and management of his aforesaid medical injuries that he suffered as a result of defendant's malfeasance, including paraplegia, numbness in bilateral feet, pain in back and bilateral shoulders, inability to ambulate, the need for a foley catheter for loss of bladder control and diapers for loss of bowel control, loss of sexual function, and other sequalae from his spinal cord injury.

55.     Mr. Labiner will permanently require care with regard to his spinal disease and catastrophic injuries including those described above, and remains a prisoner and in the custody of the BOP. Despite surgical interventions and neurosurgical consults, Mr. Labiner suffers permanent severe permanent injuries, including paraplegia, spinal cord injury, cauda equina syndrome, severe infection, spinal infection, spinal abscess, septic arthritis of the spine with severe canal narrowing, intramuscular abscess within the right dorsal paraspinal musculature, Staph Aureus infection, acute kidney failure, pneumonia, change in mental status, need for extensive spinal surgery, loss of strength and sensation in lower extremities, incontinence, impotence, loss of bowel control, loss of bladder control, shorter life expectancy, loss of best chance of effective treatment, loss of ability to care for himself, confinement to bed or wheelchair, excruciating pain and suffering, mental distress, fear, anxiety, depression, embarrassment and frustration, loss of enjoyment of life, significantly decreased quality of life, and fear of impending death.

## AS AND FOR A FIRST CAUSE OF ACTION

**(Federal Tort Claims Act- Medical Malpractice as
Against the United States of America)**

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "55" of this complaint with the same force and effect as though fully set forth herein.

57.     At all pertinent times, Defendant United States of America through its agencies US DOJ and BOP at all times relevant employed, supervised, staffed, controlled, hired, managed, directed, oversaw and was and remains responsible for personnel at its federal prisons including Allenwood Correctional and Lewisburg Penitentiary facilities, including physicians, physician assistants, nurses, attendants, correctional officers, wardens, superintendents, and others for the medical care, treatment, diagnosis and custody of incarcerated prisoners and patients, including Plaintiff Alan Labiner.

58.     At all pertinent times, the directors, officers, operators, administrators, health care providers, employees, agents, correctional officers, wardens, superintendents, and staff including Allenwood Correctional and Lewisburg Penitentiary facilities were employed by and/or acting on behalf of defendant United States of America.   Furthermore, the defendant United States of America is responsible for the negligent acts of their employees and agents under respondeat superior including the negligent acts of the Lewisburg Penitentiary Providers and the Allenwood Correctional Providers.

59.     Defendant United States of America, the BOP, the Lewisburg Penitentiary Providers and the Allenwood Correctional Providers, individually or through their agents, servants, and/or employees undertook and endeavored to, and did advise and treat Alan Labiner professionally as physicians, physician assistants, nurses and medical professionals offering professional services and medical care and treatment.

- 14 -

60.     At all pertinent times, defendant United States of America, the BOP, the Lewisburg Penitentiary Providers and the Allenwood Correctional Providers, held each of themselves out to the prisoners incarcerated and in the custody of the federal BOP, and in particular Plaintiff Alan Labiner, as physicians, physician assistants, nurses and medical professionals offering professional services and medical care and treatment.

61.     At all pertinent times, defendant United States of America, the BOP, the Lewisburg Penitentiary Providers and the Allenwood Correctional Providers, represented themselves to be skilled, competent and careful physicians, physician assistants, nurses and medical professionals with the knowledge and capacity to practice medicine in accordance with the standards common and acceptable in the community.

62.     At all pertinent times, defendant United States of America, the BOP, the Lewisburg Penitentiary Providers and the Allenwood Correctional Providers stood in such a relationship with each other in their care and treatment of Plaintiff as to make defendant the United States of America liable for the acts and omissions with regard to their care, diagnosis and treatment, including medical care and nursing care, rendered to Plaintiff.

63.     As set forth herein, defendant United States of America's treatment of Mr. Labiner fell below acceptable standards and skills.

64.     From on or about November 8, 2016 through November 14, 2016, and prior and subsequent thereto, Plaintiff Alan Labiner sought the professional care of the Lewisburg Penitentiary Providers for whom defendant United States of America is responsible for certain medical complaints, including, but not limited to, severe and progressively worsening back pain, spinal disease and spinal infection, and discomfort at the IV site, and the Lewisburg Penitentiary

Providers, their agents, servants, and employees rendered medical and nursing care, diagnosis, treatment, and services to Plaintiff Alan Labiner.

65.     The above medical, paramedical and nursing care, diagnosis, treatment and services were rendered carelessly, unskillfully, negligently, by the Lewisburg Penitentiary Providers for whom defendant United States of America is responsible, and not in accordance with accepted standards of medical, paramedical and nursing care, diagnosis, treatment and services in the community as the standards existed at the time.

66.     From on or about November 14, 2016, through November 20, 2016, and prior and subsequent thereto, Plaintiff Alan Labiner sought the professional care of the Allenwood Correctional Providers for whom defendant United States of America is responsible for certain medical complaints, including, but not limited to, severe and progressively worsening back pain, spinal disease and spinal infection, and discomfort at the IV site, and these defendants, their agents, servants, and employees rendered medical and nursing care, diagnosis, treatment, and services to Plaintiff Alan Labiner.

67.     The above medical, paramedical and nursing care, diagnosis, treatment and services were rendered carelessly, unskillfully, negligently, by the Allenwood Correctional Providers for whom defendant United States of America is responsible, and not in accordance with accepted standards of medical, paramedical and nursing care, diagnosis, treatment and services in the community as the standards existed at the time.

68.     As set forth herein, defendant's diagnosis, care, and treatment of Mr. Labiner fell below acceptable standards and skills, and Defendant breached the duty which it owed to Mr. Labiner.

69.     Defendant and/or its employees, agents and/or servants, acting within the scope of office or employment, breached its duty to the Plaintiff by failing to provide proper and adequate medical treatment and care to the Plaintiff and his urgent and serious medical needs within a reasonable time despite numerous requests and despite the obvious risks of permanent worsening of Plaintiff's conditions, and failing to implement urgent, timely and necessary evaluations and treatments including necessary and indicated laboratory tests, diagnostic tests, proper physical examination, administration of antibiotics and referral to a hospital.

70.     Defendants was negligent and departed from the standard of care in other ways that are documented in the medical records and in ways of which Plaintiff may not yet be aware of.

71.     As a direct, legal and proximate result of the foregoing, Plaintiff suffered injuries and damages including but not limited to paraplegia, spinal cord injury, cauda equina syndrome, severe infection, spinal infection, spinal abscess, septic arthritis of the spine with severe canal narrowing, intramuscular abscess within the right dorsal paraspinal musculature, Staph Aureus infection, acute kidney failure, pneumonia, change in mental status, need for extensive spinal surgery, loss of strength and sensation in lower extremities, incontinence, impotence, loss of bowel control, loss of bladder control, shorter life expectancy, loss of best chance of effective treatment, loss of ability to care for himself, confinement to bed or wheelchair, excruciating pain and suffering, mental distress, fear, anxiety, depression, embarrassment and frustration, loss of enjoyment of life, significantly decreased quality of life, and fear of impending death, as well as attendant losses including but not limited to, past and future medical expenses.

72.     Mr. Labiner's injuries were caused solely through the negligence of the defendant, and through no fault or want of care of negligence or contributory negligence on the part of Mr. Labiner.

73. Defendant's conduct was grossly negligent in that defendant was careless as to show complete disregard for the rights, health, welfare and safety of Mr. Labiner.

74. Under the Federal Tort Claims Act, defendant United States of America is liable for the acts and omissions within the scope of their employment, including the acts and omissions of the Lewisburg Penitentiary Providers and the Allenwood Correctional Providers.

75. By reason of the above, Plaintiff Alan Labiner brings this action for damages, both general and special, in the sum of $45,000,000.00.

76. The defendants including defendant United States of America is liable pursuant to 28 U.S.C. § 1346(b)(1).

## AS AND FOR A SECOND CAUSE OF ACTION

### (Federal Tort Claims Act- Negligent Hiring as Against the United States of America)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "76" of this complaint with the same force and effect as though fully set forth herein.

78. The aforementioned acts and omissions against Plaintiff were a direct result of the negligence, carelessness, and recklessness of defendant United States of America in failing to meet its duty of care to Plaintiff in its screening, hiring, training, supervising, evaluating, and retaining of medical, paramedical, nursing, correctional and other personnel of the BOP, Lewisburg Penitentiary and Allenwood Correctional, including the Lewisburg Penitentiary Providers and Allenwood Correctional Providers.

79. As a direct, legal and proximate result of the foregoing, Plaintiff Alan Labiner suffered injuries and damages including but not limited to paraplegia, spinal cord injury, cauda equina syndrome, severe infection, spinal infection, spinal abscess, septic arthritis of the spine with

severe canal narrowing, intramuscular abscess within the right dorsal paraspinal musculature, Staph Aureus infection, acute kidney failure, pneumonia, change in mental status, need for extensive spinal surgery, loss of strength and sensation in lower extremities, incontinence, impotence, loss of bowel control, loss of bladder control, shorter life expectancy, loss of best chance of effective treatment, loss of ability to care for himself, confinement to bed or wheelchair, excruciating pain and suffering, mental distress, fear, anxiety, depression, embarrassment and frustration, loss of enjoyment of life, significantly decreased quality of life, and fear of impending death, as well as attendant losses including but not limited to, past and future medical expenses.

80.     By reason of the above, Plaintiff Alan Labiner brings this action for damages, both general and special, in the sum of $45,000,000.00.

81.     Under the Federal Tort Claims Act, defendant United States of America is liable for these acts and omissions.

<u>**AS AND FOR A THIRD CAUSE OF ACTION**</u>

**(Federal Tort Claims Act- Negligence as
Against the United States of America)**

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "81" of this complaint with the same force and effect as though fully set forth herein.

83.     At all pertinent times, each of the Lewisburg Penitentiary Providers stood in such a relationship with each of them in their care and treatment of Plaintiff as to make each of the Lewisburg Penitentiary Providers liable for the acts and omissions for the Lewisburg Penitentiary Providers with regard to their care, diagnosis and treatment, including medical care and nursing care, rendered to Plaintiff.

84.     At all pertinent times, each of the Allenwood Correctional Providers stood in such a relationship with each of them in their care and treatment of Plaintiff as to make each of the Allenwood Correctional Providers liable for the acts and omissions for the Allenwood Correctional Providers with regard to their care, diagnosis and treatment, including medical care and nursing care, rendered to Plaintiff.

85.     As a direct, legal and proximate result of the foregoing, Plaintiff suffered injuries and damages including but not limited to paraplegia, spinal cord injury, cauda equina syndrome, severe infection, spinal infection, spinal abscess, septic arthritis of the spine with severe canal narrowing, intramuscular abscess within the right dorsal paraspinal musculature, Staph Aureus infection, acute kidney failure, pneumonia, change in mental status, need for extensive spinal surgery, loss of strength and sensation in lower extremities, incontinence, impotence, loss of bowel control, loss of bladder control, shorter life expectancy, loss of best chance of effective treatment, loss of ability to care for himself, confinement to bed or wheelchair, excruciating pain and suffering, mental distress, fear, anxiety, depression, embarrassment and frustration, loss of enjoyment of life, significantly decreased quality of life, and fear of impending death, as well as attendant losses including but not limited to, past and future medical expenses.

86.     Mr. Labiner's injuries were inflicted solely through the negligence of the defendants, and through no fault or want of care of negligence or contributory negligence on the part of Mr. Labiner.

87.     This action falls within one or more of the exceptions set forth in CPLR 1602, and as such, the defendant is jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

88.     Pursuant to CPLR Section 1602 (2) (iv), defendant is jointly and severally liable for all of Plaintiff Alan Labiner's damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendant owed Plaintiff Alan Labiner a non-delegable duty of care.

89.     Pursuant to CPLR Section 1602(2) (iv), defendant is jointly and severally liable for all of Plaintiff Alan Labiner's damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of its servants, agents, affiliated physicians, nurses, correctional officers and/or employees.

90.     Pursuant to CPLR Section 1602(7), defendant is jointly and severally liable for all of Plaintiff Alan Labiner's damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendant acted with reckless disregard for the safety of others.

91.     By reason of the above, Plaintiff Alan Labiner brings this action for damages, both general and special, in the sum of $45,000,000.00.

92.     Under the Federal Tort Claims Act, defendant United States of America is liable for these acts and omissions.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Federal Tort Claims Act – Lack of Informed Consent as to The United States of America)

93.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "92" of this complaint with the same force and effect as though fully set forth herein.

- 21 -

94.     Defendant, its agents, servants and employees, failed to inform Plaintiff Alan Labiner, or his representatives, of the reasonably foreseeable risks and benefits of, and alternatives to, the treatment proposed and rendered, which would have been disclosed by a reasonable medical practitioner in similar circumstances, in consequence of which defendant failed to obtain an informed consent thereto.

95.     A reasonably prudent person in the position of Plaintiff Alan Labiner or his representatives, would not have undergone the treatment and diagnosis rendered herein if he had been fully informed.

96.     The lack of informed consent alleged herein is a proximate cause of the injuries, conditions, and disabilities for which recovery is sought.

97.     By reason of the above, Plaintiff Alan Labiner sustained great pain, agony, injury, suffering, disability, hospitalization, as well as mental anguish and emotional distress.

98.     Under the Federal Tort Claims Act, defendant United States of America is liable for these acts and omissions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alan Labiner demands judgment be entered in his favor and against the Defendants as follows:

**ON THE FIRST THROUGH FOURTH COUNTS:**

Plaintiff Alan Labiner prays for judgment awarding:

a.  Compensatory damages for personal injuries, conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and special, medical, hospital and related costs and lost wages and/or income totaling $45,000,000; and

b. Costs, interest and attorneys' fees incurred in this civil litigation to the fullest extent permitted by law, together with such other and further relief at law or in equity that this Court deems just and proper.

Dated:        New York, New York
              May 23, 2019

                        Respectfully submitted,
                        THE JACOB D. FUCHSBERG LAW FIRM, LLP


                        By: /s/ Aaron Halpern
                        Aaron Seth Halpern (AH6100)
                        Attorneys for Plaintiff
                        Office and P.O. Address
                        3 Park Avenue, 37th Floor
                        New York, New York 10016
                        (212) 869-3500

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

ALAN LABINER a/k/a ALAN DAVID LABINERI,

     Plaintiff,

-against-

UNITED STATES OF AMERICA,

     Defendant.

**CERTIFICATE OF MERIT**

Civil Action No.: 19-cv-3159

AARON S. HALPERN, the undersigned, an attorney admitted to practice in the Courts of New York State, states that he is a member with The Jacob D. Fuchsberg Law Firm, LLP, attorneys for the plaintiff in the within action.  I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in this State or any other state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated:     New York, New York
           May 23, 2019

               By: /s/ Aaron Halpern
               Aaron Seth Halpern (AH6100)
               The Jacob D. Fuchsberg Law Firm, LLP
               Attorneys for Plaintiff
               Office and P.O. Address
               500 Fifth Avenue, 45th Floor
               New York, New York 10110
               (212) 869-3500