UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALAN LABINER a/k/a ALAN DAVID LABINER,

                Plaintiff,

      v.

UNITED STATES OF AMERICA,

                Defendant.
----------------------------------------------------------------X

**DECISION & ORDER**
19-CV-3159 (WFK) (RML)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On May 29, 2020 the United States of America ("Defendant" or "the Government") filed its motion to transfer venue to the Middle District of Pennsylvania. ECF No. 18. Alan Labiner ("Plaintiff") opposes the motion. ECF No. 19. The Court hereby DENIES the motion to transfer venue for the following reasons.

## BACKGROUND

On May 28, 2019, Plaintiff, a New York resident, filed a Complaint against the United States of America ("Defendant" or "the Government") alleging negligence under the Federal Tort Claims Act ("FTCA"). Complaint ("Compl."), ECF No. 1. He specifically alleges negligence in connection with the medical treatment he received in November 2016 while incarcerated at two federal facilities operated by the Federal Bureau of Prisons ("BOP"): (1) the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg") and the Federal Correctional Complex in Allenwood, Pennsylvania ("FCC Allenwood"). *Id*. Both facilities are in the Middle District of Pennsylvania ("M.D. Pa."). *Id*. Plaintiff alleges BOP staff failed to diagnose and treat properly his spinal infection, resulting in paraplegia. *Id*.

## DISCUSSION

*A. Applicable Law*

Section 1404(a) of Title 28 of the United States Code provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

1

any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Under the FTCA, venue lies in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred. *See* 28 U.S.C. § 1402(b). "In determining whether to transfer venue, courts examine: (1) whether the action could have been brought in the proposed forum; and (2) whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice." *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 347 (E.D.N.Y. 2012) (Bianco, J.) (quotations omitted). Factors courts consider include: (1) convenience of witnesses; (2) availability of process to compel the attendance of unwilling witnesses; (3) locus of operative facts; (4) location of relevant documents and relative ease of access to sources of proof; (5) convenience of parties; (6) relative means of the parties; and (7) plaintiff's choice of forum. *See N.Y. Mar. & Gen. Ins. Co. v Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). "There is no rigid formula for balancing these factors and no single one of them is determinative. Instead, weighing the balance is essentially an equitable task left to the Court's discretion." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (Sweet, J.); *see also EasyWeb*, 888 F. Supp. 2d at 348 ("[T]hese factors should be applied and weighed in the context of the individualized circumstances of the particular case."). "District courts have broad discretion in making determinations of convenience under Section 1404(a) . . . ." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) (citation omitted).

Although Plaintiff bears the initial burden of establishing proper venue, *see Pardy v. Gray*, 06-CV-6801, 2007 WL 1825200, at *2 (E.D.N.Y. June 21, 2007) (Weinstein, J.), "[t]he burden of obtaining a venue change lies with the party seeking the transfer," *Flores v. United States*, 142 F. Supp. 3d 279, 287 (E.D.N.Y. 2015) (Weinstein, J.). Transfer requires a "clear and

2

convincing showing that the balance of convenience strongly favors the alternate forum . . . ." *Xiu Feng Li v. Hock*, 371 Fed. App'x 171, 175 (2d Cir. 2010) (summary order) (citation omitted); *see also N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 114 (explaining it is "appropriate that the district courts in our Circuit have consistently applied the clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion"). "Generally, plaintiff's forum choice 'should not be disturbed unless the balance of factors tips decidedly in favor a transfer.'" *Speedfit LLC v. Woodway USA Inc.*, 53 F. Supp. 3d 561, 575 (E.D.N.Y. 2016) (Matsumoto, J.) (citation omitted).

Here, venue should not be disturbed unless Defendant shows by clear and convincing evidence that the balance of factors decidedly favors transfer to the Middle District of Pennsylvania. Defendant has failed to do so. Thus, the Court DENIES Defendant's motion to transfer venue to the Middle District of Pennsylvania.

*B. Analysis*

Plaintiff legally resides in Brooklyn, New York and the acts or omissions detailed in the Complaint occurred in the Middle District of Pennsylvania. *See* Pl.'s Mem. of L. in Opp. of Def.'s Mot. to Transfer Venue ("Pl. Mem.") at 3, ECF No. 19; Reply Mem. in Support of Def.'s Mot. to Transfer Venue ("Def. Reply") at 2, ECF No. 20. Thus, Plaintiff could have brought this action in either the Eastern District of New York ("E.D.N.Y") or the M.D. Pa. The Court turns to the analysis of the relevant factors.

    1. Convenience of Witnesses and Subpoena Power

"The convenience of witnesses is an important factor in considering whether transfer is appropriate." *JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 960 F. Supp. 2d 383, 398 (E.D.N.Y. 2013) (Weinstein, J.); *see also Hines v. Overstock.com, Inc.*, 668 F. Supp. 2d 362,

3

369 (E.D.N.Y. 2009) (Johnson, J.) (identifying convenience of witnesses as "arguably the most important factor in determining whether a transfer is warranted").

Because all the BOP staff members identified in the Complaint are located in the M.D. Pa., Defendant contends witness convenience weighs in favor of a transfer. Mem. of Law in Support of Def.'s Mot. to Transfer Venue ("Def. Mem.") at 3–4, 11 ("The government notes the prejudice, inconvenience and unnecessary costs that would result if governmental witnesses were required to take substantial time off from their official duties to come to this district for depositions, attorney consultations, hearings, and/or court appearances."). Defendant also has identified six non-BOP medical professionals, who treated Plaintiff and are located in the M.D. Pa. *Id.* at 4–5. Defendant argues that because these witnesses are outside the subpoena power of this Court, this factor weighs heavily in favor of transfer to the M.D. Pa. Defendants contend this Court's limited subpoena power will mean non-party witnesses will not be willing to travel to the E.D.N.Y since "it would cost them time away from work and great inconvenience as it is not a trip that is easily made." Def. Mem. at 10. Defendant concludes this "unfairly and severely prejudice[s] the government's ability to defend itself in this action." *Id.*

The Court finds Defendant has not presented clear and convincing evidence of inconvenience to witnesses that warrants a change of venue. Party witnesses are within the subpoena power of this Court and it should not be unreasonably difficult for Defendant to manage their appearances for trial or other testimony. Admittedly, it is mildly inconvenient to make the approximately three-hour drive from the M.D. Pa. to the E.D.N.Y, but it is a trip that can be completed in one day without air travel. And even if travel from Pennsylvania becomes uncharacteristically burdensome, technology allows witnesses, on a limited and case-by-case basis, to video record depositions or to testify by live video. *Flores*, 142 F. Supp. 3d 279 at 287.

4

Furthermore, Defendant has not a made a convincing showing of why non-party witnesses will be inconvenienced by the current forum. None have indicated they would be unwilling or uncooperative in this case. There also has been no showing of testimony so valuable that it cannot be accomplished by fewer witnesses, documentation, or even the local medical professionals Plaintiff has identified. As Plaintiff points out, he has received extensive care related to his injuries by non-parties over the span of more than three years outside of the M.D. Pa—in Massachusetts, Missouri, and now in New York where he resides. See Pl. Mem. at 15. *See Flores*, 142 F. Supp. 3d at 289 (noting the "government [did] not address evidence located in New York relating to plaintiff's continuing medical issues"). As such, witness convenience and availability of process only weigh slightly in favor of Defendant.

2. Convenience of Parties

A transfer is disfavored where it simply "shifts the inconvenience from one party to the other." *JetBlue Airways*, 960 F. Supp. 2d at 399 (citation omitted); *see also Laumann Mfg. Corp. v. Castings USA, Inc.,* 913 F. Supp. 712, 721 (E.D.N.Y. 1996) (Spatt, J.) ("The purpose of 1404(a) is not to shift the inconvenience from one party to the other.").

Defendant argues Plaintiff's disability is not dispositive and that inconvenience caused by his disabilities does not warrant keeping venue in the E.D.N.Y. *See* Def. Mem. at 6–9. In contrast, Plaintiff explains how transferring this action to the M.D. Pa. would cause him extreme hardship. As a result of Defendant's alleged negligence, Plaintiff suffered severe and permanent spinal injuries which resulted in paraplegia. *See* Pl. Mem. at 1. Plaintiff's argument is supported by testimony from Dr. Joseph Carfi, a specialist in physical and rehabilitative medicine, who attests to Plaintiff's continuing and extensive medical problems. *See* Declaration of Joseph Carfi, M.D. ("Carfi Decl."), ECF No. 19-2. Dr. Carfi reports:

5

> [Defendant] is wheelchair bound and has 3 shifts of attendant care, 8 hours each. He needs help with dressing, toileting, personal hygiene, and transfers. He can transfer by himself from wheelchair to bed with difficulty. Assistance greatly expedites the process. He indicates that he is able to come to standing pulling on a stable surface, but cannot stand very long as his legs are weak and become weaker. He is unable to walk . . . . His urination/bladder is managed with a pull-up. He goes through 3 pull-ups a day. When he becomes soiled and he is placed on a toilet or commode chair to be cleaned up, he will press on his belly to try and express additional urine or stool. Since he has no sensation, he needs to visually confirm whether he has eliminated. He generally has a bowel movement once a day into the pull-up with intermittent accidents throughout the day.

Carfi Decl. at 3–5. In these circumstances, "[p]laintiff's choice of venue should be left undisturbed." *Khing v. Nay Lin*, 14-CV-4004, 2015 WL 4523238, at *2 (E.D.N.Y. July 27, 2015) (Johnson, J.); *see also Vassallo v. Niedermeyer*, 495 F. Supp. 757, 760 (S.D.N.Y. 1980) (Ward, J.) (finding although almost all witnesses and the events leading to the action were located in the proposed transferee venue, transfer was not in the interest of justice because "Plaintiff's substantial medical problems weigh heavily against transfer").

The convenience of the parties weighs heavily against transfer. Transferring this action to the M.D. Pa. would shift the burden of convenience from the United States Government to a Plaintiff who finds travel extremely difficult because of his limited resources and medical problems.

    3. <u>Location of Relevant Documents and Access to Sources of Proof</u>

Defendant admits most of the BOP's files are electronic, but argues relevant documents from the non-BOP facilities where Plaintiff was treated are located in the M.D. Pa, which is "more than 100 miles from the E.D.N.Y., and are outside this Court's subpoena power set forth in Fed. R. Civ. P. 45(c)(3)(A)(ii)." Def. Mem. at 5.

However, technology minimizes this issue. Because it is easily transportable, the place of documentary evidence "is not a compelling consideration." *JetBlue Airways*, 960 F. Supp. 2d at

6

399 (citation omitted); *see also Certain Underwriters at Lloyd's London v. Natl. R.R. Passenger Corp.*, 14-CV-04717, 2015 WL 1182764, at *4 (E.D.N.Y. Mar. 13, 2015) (Block, J.) ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents.") (citation and quotations omitted).  In fact, Defendant acknowledges it already received some of the medical records from non-party facilities in connection with the BOP's treatment of Plaintiff.  Def. Mem. at 5–6.  Additionally, Plaintiff states most of the medical records pertaining to his care over the span of more than three years, are not located in the M.D. Pa, but rather are located in other states, including in New York.  Pl. Mem. at 17.  Plaintiff anticipates no difficulty in obtaining these records.  *Id*.  Accordingly, this factor does not warrant transfer.

    4. Locus of Operative Facts

Defendants argue venue is inappropriate in the E.D.N.Y since all of the events alleged in the Complaint occurred in the M.D. Pa. and Plaintiff's only connection to the E.D.N.Y. is based on his "alleged 'legal residence.'"  Def. Mem. at 9.  *See Jones v United States*, 02-CV-1017, 2002 WL 2003191, at *3 (E.D.N.Y. Aug. 26, 2002) (Gleeson, J.) ("If the principal events occurred and the principal witnesses are located in another district, the locus of facts provides a strong reason to transfer.") (citation omitted).  Defendant also argues the M.D. Pa. has an interest in the outcome of this action and in working with the local BOP facilities with which it is familiar.  *See Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 19–20 (D.D.C. 1996).  The Court acknowledges the alleged negligent acts occurred in Pennsylvania, but also recognizes that extensive medical evidence related to the ongoing care of Plaintiff is not.  *See* Pl. Mem. at 17–18.  Thus, this factor only weighs slightly in favor of transfer.

    5. Relative Means of the Parties

7

"Where . . . disparity exists between the parties . . . the relative means of the parties may be considered." *Hines*, 668 F. Supp. 2d at 370 (citation omitted). Defendants contend that whatever the means of Plaintiff, Plaintiff's law firm "is a well-known personal injury law firm located in Manhattan" which lauds its versatility. Def. Mem. at 10. Plaintiff responds that he "himself bears the cost of all expenses and disbursements associated with this lawsuit, as well as the extensive costs relating to his medical care and assistance." Pl. Mem. at 20. Further, "Mr. Labiner has just recently been released from the custody of the U.S. BOP, is quarantined at home, and is currently not employed" and "[l]itigating the case in the M.D. Pa will pose significant financial hardship on Plaintiff given the care and accommodation he requires . . . ." *Id*. The Court finds this factor clearly weighs heavily in favor of denying transfer. Plaintiff was recently released from incarceration, has no current employment, and requires constant medical care to perform basic daily activities. Defendant's admission that it "has the means to litigate in either district," as the United States of America, is greatly understated. This factor— relative resources of the parties—weighs heavily against a transfer.

      6. <u>Deference Owed to Plaintiff's Choice of Forum</u>

"Deference should be given to the plaintiff's choice of forum" and "should only be disturbed if that choice is completely and utterly outweighed by the severe inconvenience of the defendant." *Laumann Mfg.,* 913 F. Supp. at 721; *see also JetBlue Airways*, 960 F. Supp. 2d at 400 ("A plaintiff's choice of forum usually weighs heavily in considering a motion to transfer venue."). Defendant argues Plaintiff's choice of forum is not entitled to significant weight because there is no material connection between the events underlying Plaintiff's cause of action and this district. *See* Def. Mem. at 2–3. The Court acknowledges there are only limited material connections between the events underlying this action and the E.D.N.Y and has addressed these

8

concerns above. However, Plaintiff's decision to bring this action in his home forum in combination with his serious medical issues warrants giving substantial weight to his decision. *See Flores*, 142 F. Supp. 3d 279 at 290 (collecting cases). Thus, the Court gives significant deference to Plaintiff's choice of forum. This factor weighs against transfer.

C. *The Court Denies Defendant's Request to Transfer Venue*

On balance, the Court finds Defendants have not presented clear and convincing evidence that warrants a change in venue. Although they and their witnesses face a slight inconvenience from travel to and from the E.D.N.Y, the Court sees no reason this should prejudice the Defendant in litigation. Furthermore, substantial factors override the M.D. Pa.'s interest in local resolution of the case. Considering the accessibility of electronic documentation, the location of Plaintiff's non-Pennsylvanian physicians, the comparatively vast resources of the United States Government, and Plaintiff's severe medical condition, the Court finds disturbing Plaintiff's choice of forum would not best serve justice in this case.

## CONCLUSION

The Court hereby DENIES Defendant's motion to transfer venue. This action will continue to proceed in the United States District Court for the Eastern District of New York. The Clerk of Court is respectfully requested to terminate the motion pending at ECF No. 18.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2021
　　　　Brooklyn, New York

9